UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Farhan Aden, | Case No. 25-cv-2639 (JRT/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, Corporate Court, | |
| Defendant. | |

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Farhan Aden's Petition, [Docket No. 1].

Petitioner is currently detained awaiting gun and drug charges in Minnesota state court. See State of Minnesota v. Aden, No. 27-CR-25-3812 (Minn. Dist. Ct.). The Court recently received a document from Petitioner challenging the ongoing criminal proceedings. The document itself is procedurally ambiguous—Petitioner describes the document variously as a petition for a writ of prohibition; as a petition for a writ of mandamus; as an interlocutory appeal brought pursuant to 28 U.S.C. § 1292(b); and as a civil complaint seeking an injunction pursuant to 42 U.S.C. § 1983 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq. (See Pet. [Docket No. 1] at 1; Pet. Cover Letter [Docket No. 1-1] at 1). But at bottom, whatever the label attached to the document, Petitioner believes that the State of Minnesota lacks standing to pursue criminal charges against him, and he asks that this Court interfere with the state criminal proceedings.

The pleading is frivolous, whatever the label affixed to it. Writs of prohibition and writs of mandamus are two sides of the same coin. The writ of prohibition is an instrument issued by a

superior court to confine an inferior court to the lawful exercise of its jurisdiction; the writ of mandamus is an instrument issued by a superior court to compel an inferior court to act. See Williams v. Minnesota, No. 24-cv-2548 (NEB/DJF), 2024 WL 4394171, at *1 n.1 (D. Minn. Aug. 8, 2024) (citing Ex Parte Republic of Peru, 318 U.S. 578, 582-83 (1943)). The state court in which Petitioner's criminal proceedings are being conducted is not inferior to this Court, and therefore this Court has no authority to direct a writ of prohibition or a writ of mandamus to the state court. See Olivier-Ward v. Blackwell, 127 F.3d 1106 (9th Cir. 1997) (unpublished table disposition) ("A writ of prohibition is not a means for invalidating the judgment of a non-subordinate court such as a state court, but rather is a means of confining or compelling the exercise of jurisdiction of an "inferior court" such as a lower federal court."); Chambersel v. Florida, 816 F. App'x 424, 425-26 (11th Cir. 2020) (per curiam) ("Federal courts lack the authority to issue a writ of mandamus to state courts under either the federal mandamus statute, 28 U.S.C. § 1361— which provides for the issuance of a writ of mandamus to federal officers and agencies—or, where mandamus is the only relief sought, the All Writs Act, 28 U.S.C. § 1651.").

Describing what Petitioner is hoping to accomplish as an interlocutory appeal would be no more effective. Section 1292(b) permits federal appellate courts to conduct discretionary review of decisions of federal district courts during the intermediate stages of proceedings before the district court. Nothing in that statute (or any other provision of federal law) permits a litigant to seek interlocutory review in federal court of a decision made in state court.

Nor could Petitioner sue for an injunction, whether under § 1983, the APA, or any other statute. Federal courts are generally required to abstain from exercising jurisdiction if doing so would interfere with a pending state court criminal proceeding, absent extraordinary circumstances not present here. See Wassef v. Tibben, 68 F.4th 1083, 1086 (8th Cir. 2023) (citing Younger v.

2

Harris, 401 U.S. 37 (1971)). What Petitioner is asking of this Court—an injunction putting a halt to the prosecution against him—is squarely foreclosed under Younger.

Two final procedural possibilities remain to be considered. First, to the extent that Petitioner is attempting to remove the criminal proceedings from state court to federal court, Petitioner has not identified any grounds upon which the state-court proceeding could appropriately be relocated to federal court, see, e.g., Minnesota v. Siruk, No. 20-cv-191 (PAM/HB), 2020 WL 5362639, at *2 (D. Minn. Sept. 8, 2020) (examining grounds upon which criminal removal may be effected). Moreover, even if he had identified ground upon which he believes the state-court proceeding may be removed, it is almost certainly too late for him to do so, see 28 U.S.C. § 1455.

Second, Petitioner does not himself refer to his pleading as a petition for a writ of habeas corpus, see 28 U.S.C. § 2241, but he does refer to the authority of federal courts to issue writs of habeas corpus, (see Pet. [Docket No. 1] at 18), and the pleading has been docketed as a habeas petition for administrative purposes. But a petition for a writ of habeas corpus would not work, either. Although § 2241 does not itself contain a requirement that a habeas petitioner first exhaust alternative remedies available in state court, "federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241." Olson v. Washington County, No. 12-cv-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974). "This requirement of fair-presentment of claims generally requires appellate exhaustion

of those claims, which in turn requires that judgment be entered in the state-court prosecution—meaning, ultimately, that state pretrial detainees usually cannot seek federal habeas relief until after they have been convicted (or, put another way, until after they have ceased being pretrial detainees)." Abdikarim v. State, No. 24-cv-2013 (NEB/LIB), 2024 WL 3557772, at *2 (D. Minn. June 17, 2024). Not until Petitioner has fully exhausted his claims for relief in the state courts would he be permitted to seek habeas corpus relief in federal courts.

The Court lacks jurisdiction over the pleading with respect to most of the forms of relief being sought by Petitioner. Any of those requests—for a writ of prohibition or mandamus, for an interlocutory appeal, for an injunction in violation of Younger—must be dismissed without prejudice for lack of jurisdiction. By contrast, the Court would not lack jurisdiction over a habeas petition filed by Petitioner, but any such petition would also have to be denied without prejudice due to Petitioner's failure to exhaust state remedies before seeking federal relief. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (requiring preliminary review of habeas corpus petitions filed in federal court). However the pleading might be interpreted, then, this matter must be dismissed without prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT** this matter be **DISMISSED without prejudice**.

Dated: July 1, 2025                           s/ Leo I. Brisbois
                                              Hon. Leo I. Brisbois
                                              United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).